IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TERRIE LOUISE BRIMER,           )
                                )
       Plaintiff,                )
                                )
vs.                             )   Case No. 15-cv-649-TLW
                                )
NANCY A. BERRYHILL,[1]          )
Acting Commissioner of Social Security, )
                                )
       Defendant.                )

## OPINION AND ORDER

Plaintiff Terrie Louise Brimer seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 13). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals

## ISSUE

Plaintiff raises one main issue: that the Administrative Law Judge ("ALJ") failed to properly weigh or even discuss the opinion of treating physician David R. Hicks, M.D.[2]

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration and is substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

[2] Plaintiff also argues that had the ALJ properly considered Dr. Hicks' opinion, she would qualify for benefits under Medical-Vocational Guideline ("Grid Rule") 201.10 as a "person closely approaching advanced age," or Grid Rule 201.02 as a "person of advanced age." (Dkt. 20 at 7). The Commissioner concedes that should the Court find in plaintiff's favor with regard to Dr. Hicks' opinion, this case should be remanded to the ALJ for further consideration of the Grid Rules. (Dkt. 21 at 8).

## STANDARD OF REVIEW

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## ANALYSIS

**Treating Physician/Opinion Evidence**

Plaintiff argues that the ALJ erred by failed to properly weigh or even discuss the opinion of treating orthopedic surgeon David R. Hicks, M.D., instead giving great weight to opinions from the consultative examiners and non-examining agency physician consultants. (Dkt. 20).[3]

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also Hackett v. Barnhart, 395 F.3d at 1173-74 (citing Watkins v. Barnhart, 350

---

[3] Plaintiff's brief does not develop an argument that the ALJ improperly weighed any other opinion, only that of Dr. Hicks; however, the Court suggests that upon remand, the ALJ re-examine all of the opinion evidence to form a proper RFC with supported discussion.

F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See <u>Frey v. Bowen</u>, 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); <u>Thomas v. Barnhart</u>, 147 F. App'x 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion).

The analysis of a treating physician's opinion is sequential. First, the ALJ must determine whether the opinion qualifies for "controlling weight," by determining whether it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and whether it is consistent with the other substantial evidence in the administrative record. <u>Watkins</u>, 350 F.3d at 1300. If the answer is "no" to the first part of the inquiry, then the analysis is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. <u>Id.</u> "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." <u>Id.</u>

However, even if the ALJ finds the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record, treating physician opinions are still entitled to deference and must be evaluated in reference to the factors enumerated in 20 C.F.R. § 404.1527. Those factors are as follows:

> (1) the length of the treating relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed, (3) the degree to which the physician's opinion is supported by relevant evidence, (4) consistency between the opinion and the record as a whole, (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins, 350 F.3d at 1301 (citing Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)). The ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion. Id. (citing 20 C.F.R. § 404.1527(c)(2)). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's opinion and the reasons for that weight. See Andersen v. Astrue, 319 F. App'x 712, 717 (10th Cir. 2009) (unpublished).[4]

Here, the ALJ failed to analyze Dr. Hicks' opinions at all, so there is no treating physician analysis for the Court to review. The Commissioner attempts to fill in the gaps of the ALJ's decision by noting that the ALJ mentioned some of Dr. Hicks' treatment notes in his RFC discussion, and addressed Dr. Hicks' opinions of plaintiff's functional limitations during the May 16, 2014 administrative hearing; however, this effort cannot cure the ALJ's error. (Dkt. 21 at 3-4).

On remand, the ALJ needs to perform a proper treating physician analysis of Dr. Hicks' opinions. Since the ALJ did not properly weigh or discuss those opinions, the remaining physician opinions in the RFC may need to be revisited as well.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. Specifically, the ALJ should discuss and perform a proper treating physician analysis of Dr. Hicks' opinion.

SO ORDERED this 31st day of March, 2017.

_____
T. Lane Wilson
United States Magistrate Judge

---

[4] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."